The Honorable Jim Wood State Representative P.O. Box 219 Tupelo, AR 72169-0219
Dear Representative Wood:
This is in response to your request for an opinion concerning application of the Arkansas Freedom of Information Act ("FOIA") with respect to a municipal water commission. You state that the water commission ("commission") is comprised of city council members appointed by the mayor. You ask the following questions regarding an executive session that is announced by the commission at one of its public meetings which is attended by the mayor, the other council members, and members of the media:
1. Can the water commission hold an executive session?
 2. If the members of the water commission are all also city councilmen, should this water meeting be advertised as a special council meeting?
 3. Can other city council members who are not water commission members and/or the mayor attend these executive sessions of the water commission?
It must be initially noted that these questions cannot be conclusively answered in the absence of further information regarding the particular water commission in question. This opinion addresses the questions generally, with the caveat that additional facts may signal the need for further review and modification.[1]
The answer to your first question is, in my opinion, generally "yes," assuming that the subject matter of the executive session falls within that authorized under the FOIA, and that the commission in fact has authority with respect to the particular personnel matter under consideration.
My review indicates that under several of the statutory provisions pertaining to municipal water commissions, the commission has broad authority to manage the waterworks system and employ or remove employees. See, e.g., A.C.A. §§ 14-201-110 (utility commission),14-201-206 (board of public utilities), and 14-234-306 (waterworks commission). It is thus likely that the water commission is a "governing body" for purposes of the FOIA (see A.C.A. § 25-19-106), with general authority to convene executive sessions for the purposes specified in A.C.A. § 25-19-106(c)(1).[2] This Code section authorizes executive sessions "only for the purpose of considering employment, appointment, promotion, demotion, disciplining, or resignation of any public officer or employee."
In response to your second question, the mere fact that city council members comprise the commission does not, in my opinion, alone compel the conclusion that the meeting is a special council meeting. If the council members are lawfully serving as water commissioners (see n. 1, supra), and if the water commission has authority with respect to the particular personnel matter under consideration, then it may be concluded as a general matter that the notice provisions pertaining to special council meetings are inapplicable. See A.C.A. § 25-19-106(b)(2) (governing notice of emergency or special meetings).
As noted above, however, the precise facts and circumstances surrounding the particular meeting in question may trigger additional review. Arkansas Code Annotated § 14-234-304 is illustrative of this point wherein it addresses the filling of vacancies on a waterworks commission created under that subchapter. Subsection (c) of § 14-234-304 provides that the remaining commissioners will appoint a member, "subject to the approval of the two-thirds (2/3) of the duly elected and qualified members of the city council. . . ." Thus, a special council meeting (and notice thereof) may be necessary if the personnel matter under consideration involves a vacancy on the commission. See also A.C.A. §§ 14-201-105(e) (vacancy on a waterworks commission filled by mayor, subject to approval of 2/3 of city council) and 14-201-204(d) (vacancy on a board of public utilities filled by appointment by city council).
It is my opinion that the answer to your last question is, generally, "no." This assumes, as noted above, that the meeting is in fact a proper executive session of the water commission. The FOIA specifies who can be present at executive sessions. See A.C.A. § 25-19-106(c)(2). This would ordinarily not include the mayor or other city council members.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] An initial question also arises regarding the authority of city council members to serve on the commission. See, e.g., Op. Att'y Gen. Nos. 92-273 and 96-323 (concluding that a city council member cannot accept appointment and legally serve on a city water commission or on a city water and sewer commission. You have not raised a question in this regard, nor have you presented any specific facts or authority concerning the city council members' appointment to the commission. I will assume, for purposes of this opinion, that the appointments are valid. I would suggest, however, that local counsel be consulted in the event further review of that issue is indicated.
[2] A question might arise under A.C.A. § 14-201-122, if the commission was created under that subchapter. This provision states that "[a]ll meetings of the commission shall be open to the public. . . ." The FOIA was enacted subsequent to this provision, and it is uncertain whether this section would control as the more specific of the two. I will not undertake further analysis of that issue, however, in the absence of any indication that § 14-201-122 governs in this instance.